**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 20-4036**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

RASHAWN DONNELL WILLIAMS,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte.  Robert J. Conrad, Jr., District Judge.  (3:18-cr-00117-RJC-DCK-1)

Submitted:  January 19, 2021                    Decided:  January 21, 2021

Before AGEE, WYNN, and DIAZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Robert C. Carpenter, ALLEN, STAHL + KILBOURNE, PLLC, Asheville, North Carolina, for Appellant.  Amy Elizabeth Ray, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rashawn Donnell Williams appeals his convictions and the 336-month sentence imposed following Williams' guilty plea, pursuant to a Fed. R. Crim. P. 11(c)(1)(C) plea agreement, to attempted murder of a federal employee (and aiding and abetting), in violation of 18 U.S.C. §§ 1114, 2, and discharging a firearm during and in relation to a crime of violence (and aiding and abetting), in violation of 18 U.S.C. §§ 924(c), 2. Appellate counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), primarily questioning whether, in light of *United States v. Davis*, 139 S. Ct. 2319 (2019), Williams' § 924(c) conviction was supported by a valid predicate crime of violence. Williams raises the same argument in his pro se supplemental brief. The Government has declined to file a response.

Our recent ruling in *United States v. Taylor*, 979 F.3d 203 (4th Cir. 2020), forecloses a *Davis* challenge to Williams' § 924(c) conviction, which was predicated on attempted murder.[*] Specifically, *Taylor* instructs that an attempt to commit a substantive crime that itself "*requires* the use of physical force" likewise "necessarily involves the attempted use of force" and so, too, qualifies as a categorical crime of violence. 979 F.3d at 209. As we explained in *Taylor*, it is settled in this circuit that murder qualifies as a crime of violence under the force clause because it requires such a use of force. *Id.* (citing *United States v. Mathis*, 932 F.3d 242, 265 (4th Cir.), *cert. denied*, 140 S. Ct. 639, *and cert. denied*, 140 S.

---

[*] This appeal, which was held in abeyance for *Taylor*, became ripe for adjudication upon the issuance of the mandate in *Taylor*.

2

Ct. 640 (2019), and *In re Irby*, 858 F.3d 231, 236 (4th Cir. 2017)). In light of these authorities, we reject Williams' argument that his § 924(c) conviction is invalid under *Davis*.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We agree with counsel's assessment that neither ineffective assistance of counsel nor prosecutorial misconduct are apparent on the face of this record. We therefore affirm the criminal judgment. This court requires that counsel inform Williams, in writing, of the right to petition the Supreme Court of the United States for further review. If Williams requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Williams.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*